UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-cv-62407-DPG

ERIC FERRIER,

    Plaintiff,

vs.

Q LINK WIRELESS LLC,

    Defendant.
_____/

**DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT [D.E. 33]**

Defendant, Q Link Wireless, LLC ("Q Link") moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief may be granted. In support of this Motion, Q Link states as follows:

**Procedural Background**

On August 27, 2015, Plaintiff filed his Complaint [**D.E. 1**] alleging violations of the FTCA, negligent misrepresentation, and Title VII discrimination based on *national origin* and *age*. On March 30, 2016, Q Link filed its Motion to Dismiss or Strike the Complaint on the grounds that Plaintiff had failed to properly plead or state his claims [**D.E. 23**]. On April 25, 2016, the Court granted Q Link's motion noting, *inter alia*, that (a) "[w]ithin his first cause of action, Plaintiff improperly asserts two separate legal claims and fails to properly state a claim under either theory"; and (b) Plaintiff "fails to plead the requisite elements of his [Title VII discrimination] claim" [**D.E. 25**]. On May 24, 2016, Plaintiff filed his Amended Complaint, in which he again purports to assert at least two legal claims within one cause of action and

maintains his Title VII discrimination claim on new grounds [**D.E. 33**].  Plaintiff's Amended Complaint fails to cure any of the defects noted by the Court in its April 25th Order, fails to properly plead or state any claim for relief, and fails to establish that Plaintiff has standing to bring his claims in the first instance.

## MEMORANDUM OF LAW

Plaintiff's Amended Complaint fails to cure the defects that caused this Court to dismiss his original Complaint.  Specifically, Plaintiff impermissibly bundles multiple legal theories within one cause action and fails to properly state a claim under any theory.  In addition, Plaintiff fails to show that he has standing to bring his claims under any of the theories asserted.  As such, Plaintiff continues to waste this Court's time and Q Link's resources attempting to prosecute frivolous and confusing claims.[1]

### I.   It is Improper to Plead Multiple Discrete Claims Under One Count.

In his first and only cause of action, Plaintiff alleges that Q Link discriminated against him on the bases of "National origin" and "SEX, Male employee."  Am. Compl. ¶41.  Rather than citing to any specific statutory provision or legal ground upon which these claims are based, Plaintiff leaves Q Link to guess whether and to what extent the claims are made under Title VII,

---

[1] Plaintiff's improper use of the Federal court system must be recognized for what it is. Indeed, this case is merely one of several frivolous lawsuits brought by Plaintiff in an ongoing strategy of hauling into court anyone with whom he disagrees.  While Q Link understands this Court may be inclined toward leniency for indigent *pro se* litigants, in this instance Plaintiff should not be permitted to utilize the court system as his personal business strategy.  Plaintiff's abuse includes the serial filing of lawsuits under the auspices of *in forma pauperis* applications, the merit of which Q Link will challenge here in a subsequent motion.

2

**PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.**
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117
283 Catalonia Avenue, Suite 200, Coral Gables, Florida 33134 • (305) 377-0086

the Fair Labor Standards Act (the "FLSA") generally, or the Equal Pay Act (the "EPA") specifically.[2]  *Id.* ¶¶ 36-41.

Federal Rule of Civil Procedure 10(b) requires discrete claims to be pleaded in separate counts and "with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading." *Anderson v. Dist. Bd. of Trustees of Cent. Florida Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996).  This Court applied these pleading standards to the instant action in dismissing the original Complaint where, "within his first cause of action, Plaintiff improperly assert[ed] two separate legal claims."  Endorsed Order granting Def.'s Mot. to Dismiss [**D.E. 25**].

Rather than curing this pleading defect, Plaintiff has again – and now intentionally – ignored Rule 10(b) by pleading at least two claims in his first and only count, with no clarity or precision as to how any of the allegations support, let alone correspond, to the purported claims.  Instead, Plaintiff leaves Q Link to "sift through the facts presented and decide for [itself] which [are] material to the particular cause of action asserted."  *Beckwith v. Bellsouth Telecomm., Inc.*, 146 Fed. Appx. 368, 371 (11th Cir. 2005).  Furthermore, Plaintiff leaves Q Link to assume, for the purpose of crafting a responsive pleading, what his precise claims and theories are.  Plaintiff's failure to plead his Amended Complaint with the requisite clarity and precision also missing from his original Complaint prejudices Q Link and requires this Court to dismiss his claims on the same grounds set forth by the Court in its first Order of dismissal.

---

[2]  Because Plaintiff has failed to plead his claim for gender discrimination with any clarity or precision, Q Link is left to presume that Plaintiff's claim is based on either Title VII or the Equal Pay Act of 1963, an amendment to the FLSA.  As Plaintiff has made no claims for unpaid wages or overtime violations, Q Link submits this Motion with the understanding that Plaintiff makes no additional claims for FLSA violations.

3

**PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.**
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117
283 Catalonia Avenue, Suite 200, Coral Gables, Florida 33134 • (305) 377-0086

## II. Plaintiff Has No Standing to Bring His Discrimination Claims Under the FLSA or Title VII.

Plaintiff lacks standing to bring his claims under the FLSA or under Title VII since he does not qualify as an employee under either statute. First, Plaintiff has wholly failed to show – and cannot show – how he has standing to bring his purported claims under the FLSA. Plaintiff pleads, unequivocally, that at all times relevant to this suit he was an independent contractor. *See* Am. Compl. ¶9 ("Plaintiff is a 1099 Contractor"); ¶20 ("The Plaintiff was a 1099 independent contractor."). Independent contractors are not covered by the FLSA's "broad definitions" of employees. *Scantland v. Jeffry Knight, Inc.*, 721 F.3d 1308, 1311 (11th Cir. 2013). Accordingly, even if Plaintiff could allege facts asserting a gender discrimination claim under the EPA, he would not have standing to do so.

Similarly, Plaintiff does not have standing to bring a Title VII claim before this Court. The Eleventh Circuit has clarified that only employees have standing to bring a Title VII suit as well. *Llampallas v. Mini-Circuits, Lab, Inc.*, 163 F.3d 1236, 1242 (11th Cir. 1998); *see also Holland v. Gee*, 719 F. Supp. 2d 1361, 1364 (M.D. Fla. 2010) ("Title VII has been interpreted to protect employees and not independent contractors"). Plaintiff clearly pleads that he was an independent contractor. Am. Compl. ¶¶9, 20. As such, he is not entitled to bring a Title VII claim.

## III. Plaintiff Has Failed to State a Claim for Gender Discrimination.

Even if Plaintiff had standing – which he does not – to survive a Rule 12(b)(6) motion to dismiss, he must plead sufficient factual allegations to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also* Fed. R. Civ. P. 8(a). A facially plausible claim is one that "allows the court to draw the reasonable inference

4

PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117
283 Catalonia Avenue, Suite 200, Coral Gables, Florida 33134 • (305) 377-0086

that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Mere legal conclusions and threadbare recitals of the elements of a cause of action without sufficiently pleaded plausible facts will fail to meet the Court's pleading standard. *Id*. at 679.

### a. Plaintiff has failed to state a gender discrimination claim under the EPA.

To state a claim for gender discrimination under the EPA, Plaintiff must allege that Q Link paid different wages to male and female employees "for equal work on jobs requiring equal skill, effort, and responsibility, and which are performed under similar working conditions." *Irby v. Bittick*, 44 F.3d 949, 954 (11th Cir. 1995) (citing *Corning Glass Works v. Brennan,* 417 U.S. 188, 195 (1974) (in turn quoting 29 U.S.C. §206(d)(1))).  Plaintiff must allege a violation by "comparing the jobs held by the female and male employees, and by showing that those jobs are substantially equal, not by comparing the skills and qualifications of the individual employees holding those jobs."  *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1533 (11th Cir. 1992). To the extent that Plaintiff attempts to assert gender discrimination under the EPA, Plaintiff has failed to state a claim.

Plaintiff's only allegation in support of a purported EPA claim is his assertion that he was not paid the "annual median regional average salary with related benefits" as "*any other computer programmer* with similar experience and education and as *any other programmer* of the opposite sex."  Am. Compl. ¶37.  However, the test is not whether Plaintiff was paid less than every other male and/or female in the field of computer programming with similar experience and education, but whether Defendant paid Plaintiff less than Defendant paid female programmers performing the same work.

Nowhere does Plaintiff allege that Q Link paid Plaintiff less than it paid female employees performing the same work. Plaintiff <u>cannot</u> make such an allegation because there were no female members of Q Link's two-person software development team. Thus, there were no female employees working "on jobs requiring equal skill, effort, and responsibility, and which are performed under similar working conditions." Simply put, there is no discrimination without disparate treatment or impact. Accordingly, Plaintiff has not stated a claim under the EPA.

### b. Plaintiff has failed to state a gender discrimination claim under Title VII.

To the extent that Plaintiff asserts Title VII gender discrimination, Plaintiff also has failed to properly state such a claim. To plead discrimination, Plaintiff must allege that (1) he is a member of a protected class; (2) he is qualified for the position; (3) he suffered an adverse employment action; and (4) he was replaced by a person outside his protected class or was treated less favorably than a similarly-situated individual outside his protected class. *Ashmore v. F.A.A.*, No. 11-CV-60272, 2011 WL 3915752, at *3 (S.D. Fla. Sept. 2, 2011) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 (1973)). To state a claim for gender-based wage discrimination, Plaintiff must show that he is a male, "the job []he occupied was similar to higher paying jobs occupied by [fe]males," and that Q Link intentionally discriminated against him on the basis of his gender. *Miranda*, 975 F.2d at 1529.

Aside from alleging that he is a male and was terminated, Plaintiff has failed to allege any facts to show that his termination was directly or indirectly related to his gender. He has failed to allege that he was replaced by a person outside his protected class. He provides no indication that he was treated less favorably than a similarly-situated individual outside his protected class. He has wholly failed to show that he occupied a job similar to a female

6

**PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.**
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117
283 Catalonia Avenue, Suite 200, Coral Gables, Florida 33134 • (305) 377-0086

employee but was paid less for the same work. He did not allude to any intentional discrimination. Nor can he make any such showings since Defendant did not employ any women to do the same or similar work as Plaintiff.

At most, Plaintiff makes conclusory allegations of salary discrimination between men and women with different levels of education and experience, asserts generally that Q Link failed "to promote with adequate compensation" some unspecified individual "in spite of educational credential[s] exceeding others" of the opposite sex, and that Q Link did not pay him what "*any other computer programmer* with similar experience and education" might have been paid by some unnamed employer. *See* Am. Compl. ¶¶33, 37. None of these allegations renders Plaintiff's discrimination claims plausible, and none comports with the elements of proving sex or gender-based wage discrimination under Title VII.

Because Plaintiff has not and cannot state a claim for gender discrimination under any theory, his claims therefore should be dismissed with prejudice.

**IV.  Plaintiff Has Failed to State a Claim for National Origin Discrimination.**

As discussed previously, Plaintiff's failure to comply with the Federal Rule of Civil Procedure 10(b) pleading requirements leaves Q Link without clarity regarding the basis upon which Plaintiff's claims rest and thus unable to adequately craft any responsive pleading thereto. Further, and as noted in section II *supra*, to the extent that Plaintiff's purported facts allude to a claim for Title VII national origin discrimination, Plaintiff has no standing to bring such a claim and has failed to state a claim for which relief may be granted.

Even if Plaintiff did have standing to bring a claim – which he does not – he has failed to allege the requisite elements of a discrimination claim set forth in *McDonnell Douglas*: that (1)

7

**PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.**
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117
283 Catalonia Avenue, Suite 200, Coral Gables, Florida 33134 • (305) 377-0086

he is a member of a protected class; (2) he is qualified for the position; (3) he suffered an adverse employment action; and (4) he was replaced by a person outside his protected class or was treated less favorably than a similarly-situated individual outside his protected class. *Ashmore*, 2011 WL 3915752, at *3 (citing *McDonnell Douglas*, 411 U.S. at 793).

Although Plaintiff alleges that he was discriminated against based on his national origin and that his employment was terminated, he does not even allege his nationality[3] nor any connection, causal or otherwise, between his purported protected status and his termination. Plaintiff makes no allegation that he was replaced by a person outside of his protected class or treated less favorably than a similarly-situated individual outside his protected class. This is not surprising, given the evidence to the contrary that Plaintiff was provided in Q Link's response to his EEOC Charge, and which resulted in its dismissal.

Just as Plaintiff fails to meet the discrimination pleading requirements under *McDonnell Douglas*, he fails to meet the general pleading requirements under Federal Rule of Civil Procedure 8(a), *Iqbal*, and *Twombly*. Plaintiff's only allegation related to national origin is that: "Defendant discriminated against me based on my: National origin." Am. Compl. ¶41. Such an allegation is a mere legal conclusion not entitled to any truthful inference absent sufficient factual support. Yet Plaintiff provides no factual support whatsoever concerning his national origin or any discrimination related thereto that would permit this Court to reasonably infer that Q Link ever discriminated against him. As such, Plaintiff has failed to properly plead or state a claim for discrimination.

---

[3] Though Plaintiff does allege that he is a United States citizen. Am. Compl. ¶21.

8

**PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.**
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117
283 Catalonia Avenue, Suite 200, Coral Gables, Florida 33134 • (305) 377-0086

Because Plaintiff has failed to state a claim for national origin discrimination under any theory, his claims therefore should be dismissed with prejudice.

WHEREFORE, based upon each of the foregoing grounds, Defendant, Q Link Wireless LLC, respectfully requests that this Court enter an order dismissing the Amended Complaint with prejudice, and such other relief the Court deems just and proper.


Dated:  June 2, 2016.                                    Respectfully submitted,


                                          */s/ D. Porpoise Evans*
Paul D. Turner (FBN 0113743)
pturner@pbyalaw.com
D. Porpoise Evans (FBN 576883)
pevans@pbyalaw.com
PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.
200 South Andrews Avenue, Suite 600
Fort Lauderdale, Florida 33301
Telephone: (954) 566-7117
Facsimile: (954) 566-7115
283 Catalonia Ave., Suite 200
Coral Gables, FL  33134
Telephone: (305) 377-0086
Facsimile: (305) 37-0781
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the date above I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified.

*/s/ D. Porpoise Evans*
D. Porpoise Evans

## SERVICE LIST

Mr. Eric Ferrier
178 Columbus Ave.
#237002
New York, New York 10023

*Pro se Plaintiff*

**Service via: E-mail (EFCase@outlook.com)**
   **& U.S. mail (Certified/RRR)**