UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-62407-CIV-GAYLES/Turnoff

**ERIC FERRIER**,

      Plaintiff,

vs.

**Q LINK WIRELESS LLC**,

      Defendant.
_____/

**ORDER**

      **THIS CAUSE** came before the Court upon Defendant's Motion to Dismiss the Amended Complaint [ECF No. 35]. The Court has reviewed the motion and the record and heard from the parties at the Telephonic Status Conference on August 10, 2016.

      The Court finds that Plaintiff does not have standing to pursue his claims under the Fair Labor Standards Act, the Equal Pay Act, or Title VII because he was not an employee of Q Link Wireless, LLC ("Q Link"), as defined under those statutes. *Scantland v. Jeffry Knight, Inc.*, 721 F.3d 1308, 1311 (11th Cir. 2013) (stating that "independent contractors" do not fall within the FLSA's definition of "employee"); *Wascura v. Carver*, 169 F.3d 683, 686 (11th Cir. 1999) ("The Equal Pay Act is simply an extension of the FLSA and incorporates the FLSA's definition of 'employer.'"); *Holland v. Gee*, 719 F. Supp. 2d 1361, 1364–65 (M.D. Fla. 2010) ("Title VII has been interpreted to protect employees and not independent contractors.") (citing *Llampallas v. Mini–Circuits, Lab, Inc.*, 163 F.3d 1236, 1242 (11th Cir.1998)). Labels alone are not dispositive in determining an employment relationship. *See Scantland*, 721 F.3d at 1311; *Cobb v. Sun Papers, Inc.*, 673 F.2d 337, 340–41 (11th Cir. 1982) (discussing the factors used to distinguish employment from independent contractual associations). However, Plaintiff asserts no facts to support a finding that he was an employee rather than an independent contractor. Plaintiff's

Amended Complaint for Employment Discrimination alleges that Plaintiff was a 1099 independent contractor in Paragraphs 9 and 20, and Plaintiff attaches a copy of his Form 1099-MISC indicating that he was a nonemployee. [ECF No. 33 at 3, 5, 45]. In fact, during the Telephonic Status Conference, Plaintiff again asserted that he worked as an independent contractor for Q Link and did not object to the Court's determination that the case should properly be dismissed with prejudice.

Furthermore, the Court finds that the allegations in the Amended Complaint are too conclusory and that Plaintiff improperly asserted multiple claims in a single count. The Federal Rules require a plaintiff to assert his claims "with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996); *see also* Fed. R. Civ. P. 10(b) ("If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense.").

Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1) Defendant's Motion to Dismiss the Amended Complaint **[ECF No. 35]** is **GRANTED**.

2) Plaintiff's Amended Complaint for Employment Discrimination **[ECF No. 33]** is **DISMISSED with prejudice**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 10th day of August, 2016.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc: Magistrate Judge Turnoff
All Counsel of Record